United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-15849-mdc |
| John Hager | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 22, 2022 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 24, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | John Hager, 2740 N. Barley Sheaf Road, Coatesville, PA 19320-2245 |
| cr | + | Matrix Financial Services Corporation, c/o Stern & Eisenberg, PC, 1581 Main Street, Suite 200, Warrington, PA 18976-3403 |
| cr | + | Santander Consumer USA Inc. dba Chrysler Capital, P.O. Box 961245, Fort Worth, TX 76161-0244 |
| cr | + | Township of Caln/Caln Township Municipal Authority, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2022      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DANIEL P. JONES | on behalf of Creditor Matrix Financial Services Corporation djones@sterneisenberg.com  bkecf@sterneisenberg.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor MATRIX FINANCIAL SERVICES CORP. bkgroup@kmllawgroup.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor Township of Caln/Caln Township Municipal Authority jwood@portnoffonline.com  jwood@ecf.inforuptcy.com |
| JOSEPH L QUINN | on behalf of Debtor John Hager CourtNotices@rqplaw.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Feb 22, 2022 | Form ID: pdf900 | Total Noticed: 4 |

KENNETH E. WEST
    ecfemails@ph13trustee.com  philaecf@gmail.com

REBECCA ANN SOLARZ
    on behalf of Creditor MATRIX FINANCIAL SERVICES CORP. bkgroup@kmllawgroup.com  rsolarz@kmllawgroup.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD CRAIG
    on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital ecfmail@mortoncraig.com  mortoncraigecf@gmail.com

TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Hager <br>     Debtor <br><br> MATRIX FINANCIAL SERVICES CORP. <br><br>     Movant <br> vs. <br><br> John Hager <br>     Debtor <br><br> Kenneth E. West, Esquire <br><br>     Trustee | CHAPTER 13 <br><br> NO. 19-15849 MDC <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$26,779.51** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2020 in the amount of $1,614.55/month <br> January 2021 to June 2021 in the amount of $1,993.44/month <br> July 2021 to February 2022 in the amount of $1,733.29/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| Suspense Balance: | $85.45 |
| **Total Post-Petition Arrears** | **$26,779.51** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within thirty (30) days of the filing of this Stipulation, Debtor shall make a lump sum payment to cure the post-petition arrears of **$26,779.51**;

3. Beginning with the payment due March 1, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,733.29 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 11, 2022

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/14/2022

Joseph L. Quinn, Esquire
Attorney for Debtor

No Objection

Date: February 17, 2022

/s/LeeAne O. Huggins
Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this 18th day of February 2022. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge